UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>VICNICHOLUS SHORTER-HAYES,<br><br>    Defendant. | Case No. 17-20614<br>Honorable Laurie J. Michelson |

**ORDER ON REQUEST FOR HOME CONFINEMENT OR COMPASSIONATE RELEASE [63]**

Due to the ongoing coronavirus pandemic, the Court received a letter from Defendant Vicnicholus Shorter-Hayes requesting "to pursue immediately either home confinement or compassionate release." (ECF No. 63.) At this time, neither a response from the Government nor a hearing is warranted. *See* E.D. Mich. LR 7.1(f). The request will be denied without prejudice.

**I.**

After local law enforcement officers sought to pull over Shorter-Hayes on suspected traffic violations, he sped away. Shorter-Hayes eventually jumped out of his van and was apprehended after a short foot chase. The officers later recovered a loaded assault rifle on the street where the pursuit occurred. As a result, Shorter-Hayes was charged in a one-count indictment with being a felon in possession of a firearm. (ECF No. 10.) He ultimately pled guilty and was sentenced to 40 months' imprisonment. (ECF No. 57, 62.)

Shorter-Hayes is presently confined at the Schuylkill Federal Correctional Institution in Pennsylvania. He is scheduled to be released on September 8, 2020. *See* Bureau of Prisons, "Find an Inmate," https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last visited

July 13, 2020). But he wants to be released even sooner due to the coronavirus pandemic. (ECF No. 63.) At this time, however, the Court is unable to grant the requested relief.

## II.

Take first Shorter-Hayes' request to be considered for immediate release under the Coronavirus Aid, Relief, and Economic Security (CARES) Act. In normal circumstances, under 18 U.S.C. § 3624(c)(2), the Bureau of Prisons (BOP) has the authority, toward the end of a defendant's sentence, "to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." And now, under the CARES Act, "if the Attorney General finds that emergency conditions will materially affect the functioning of the BOP, the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement." Pub. L. No. 116-136, 516 § 12003(b)(2), 134 Stat. 281 (2020). Under guidance from the Attorney General, "[t]he BOP began reviewing all inmates who have COVID-19 risk factors . . . to determine which inmates are suitable candidates for home confinement." *United States v. Flenory*, No. 05-80955, 2020 U.S. Dist. LEXIS 78602, at *9 (E.D. Mich. May 5, 2020).

But as with the First Step Act, "[t]he CARES Act places decision-making authority solely within the discretion of the Attorney General and the Director of the Bureau of Prisons." *United States v. Coker*, No. 14-CR-085, 2020 U.S. Dist. LEXIS 66286, at *5 (E.D. Ky. Apr. 15, 2020); *see also United States v. James*, No. 15-255, 2020 U.S. Dist. LEXIS 69973, at *5 (D. Minn. Apr. 21, 2020) ("Although the First Step Act expanded release opportunities, courts have observed that 'it is BOP—not the courts—who decides whether home detention is appropriate. . . .'" (citations omitted)). Thus, this Court does not have the authority to order Shorter-Hayes released to home

confinement under the CARES Act. *See Coker*, U.S. Dist. LEXIS 66286, at *5; *James*, 2020 U.S. Dist. LEXIS 69973, at *5.

Aside from the CARES Act, there is another possible avenue for defendants called "compassionate release." Under a different portion of the First Step Act, the Court has the authority to reduce a defendant's term of imprisonment "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that a reduction is consistent with applicable statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Act further provides that the Court may grant this so-called "compassionate release" upon (1) a motion by the BOP or (2) "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Even during the coronavirus pandemic, this exhaustion is mandatory. *See United States v. Alam*, 960 F.3d 831 (6th Cir. 2020). Shorter-Hayes requested release from the warden in April, which was denied in May. (ECF No. 63, PageID.272.) So he has satisfied the exhaustion requirement.

But Shorter-Hayes' letter does not demonstrate an extraordinary and compelling reason for release. He expresses fear for his life given his health conditions and COVID-19 risk factors. (ECF No. 63, PageID.271.) But he does not explain these health conditions or risk factors. Instead, he attaches a one-page medical record from February 20, 2019, entitled "special needs identification screening." (ECF No. 63, PageID.273.) The record references "respiratory disease" with a "limitation date" of "May 18, 2009." (*Id.*) It is true that the coronavirus causes respiratory complications that can result in serious illness or death and that the Centers for Disease Control

3

and Prevention (CDC) have identified persons with certain respiratory conditions, like COPD and asthma, as being at increased risk. *See* Center for Disease Control and Prevention, Coronavirus Disease 2019, People of Any Age with Underlying Medical Conditions, https://perma.cc/7BQG-Z2R3 (last visited July 13, 2020). But there is no way to discern Shorter-Hayes' condition from the present record, let alone its severity. And his presentence report does not mention anything about a respiratory disease. Nor does Shorter-Hayes present any information on the state of the virus in his prison facility and the BOP website reports only one positive inmate case at FCI Schuylkill. *See* Bureau of Prisons, COVID-10 Coronavirus, https://www.bop.gov/coronavirus (last visited July 13, 2020).

Also missing from Shorter-Hayes' letter is any discussion of the § 3553(a) factors, including whether he poses any danger to the community, which is also part of the compassionate release analysis. *See* 18 U.S.C. § 3852(c)(1)(A)(i).

In sum, Shorter-Hayes has provided insufficient information for the Court to determine whether he is entitled to a sentence reduction. So his request will be DENIED WITHOUT PREJUDICE. But given the limited time he has remaining on his sentence, the Court RECOMMENDS that the BOP release him now to home confinement or a residential reentry center.

IT IS SO ORDERED.

Dated: July 13, 2020

                                                  s/Laurie J. Michelson
                                                  LAURIE J. MICHELSON
                                                  UNITED STATES DISTRICT JUDGE